O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARRIE L. BISSMEYER, | Case No. CV 15-02510-KES |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

    Plaintiff Carrie L. Bissmeyer ("Plaintiff") appeals the final decision of the Administrative Law Judge ("ALJ") denying her application for Social Security Disability Insurance benefits ("DIB") and Supplemental Security Income ("SSI"). For the reasons discussed below, the ALJ's decision is AFFIRMED.

## I.
## BACKGROUND

    Plaintiff applied for DIB and SSI on December 30, 2011, alleging the onset of disability on July 15, 2009. Administrative Record ("AR") 204-205,

206-215. On February 28, 2014, an ALJ conducted a hearing, at which Plaintiff, who was represented by counsel, appeared and testified. AR 34-75. On June 10, 2014, the ALJ issued a written decision denying Plaintiff's request for benefits. AR 7-25.

At Step Two of the sequential evaluation process, the ALJ found that Plaintiff had severe impairments consisting of "osteoarthritis of [both] knees, bilateral carpal tunnel syndrome, sleep apnea, mild degenerative disc disease of the cervical spine and obesity." AR 13. Notwithstanding her impairments, the ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform medium work with the following exertional limitations:

> [T]he claimant can lift and carry fifty pounds occasionally and twenty-five pounds frequently, and can sit, stand and walk for six hours in an eight-hour day. The claimant can occasionally climb, but never climb ladders, ropes or scaffolds. The claimant can frequently balance, kneel, stoop, crouch and can occasionally crawl. The claimant can frequently handle and finger with the right upper extremity.

AR 15.

Based on this RFC and the testimony of a vocational expert ("VE"), the ALJ found that Plaintiff could perform her past relevant work as a licensed vocational nurse ("LVN"). AR 19. The ALJ therefore concluded that Plaintiff is not disabled. Id.

## II.
## ISSUES PRESENTED

Issue No. 1: Whether the ALJ adequately assessed the opinion of consultative examiner Dean Chiang, M.D.

Issue No. 2: Whether the ALJ adequately assessed the opinion of treating chiropractor Guadalupe Trelles.

2

See Dkt. 19, Joint Stipulation ("JS") 4.

## III.
## DISCUSSION

**A.  ISSUE ONE:  The ALJ gave specific and legitimate reasons for giving Dr. Chiang's opinions little weight.**

### 1. Applicable Law.

Three types of physicians may offer opinions in Social Security cases: (1) those who directly treated the plaintiff, (2) those who examined but did not treat the plaintiff, and (3) those who did neither, but reviewed the plaintiff's medical records.  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).  A treating physician's opinion is generally entitled to more weight than that of an examining physician, and an examining physician's opinion is generally entitled to more weight than that of a non-examining physician.  Id.

When a treating or examining physician's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. See Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008) (citing Lester, 81 F.3d at 830-31).  When it is contradicted, the ALJ must provide "specific and legitimate reasons" for discounting it that are supported by substantial evidence.  Id. (citation omitted).

The weight given a physician's opinion depends on whether it is consistent with the record and accompanied by adequate explanation, the nature and extent of the treatment relationship, and the doctor's specialty, among other things.  20 C.F.R. § 416.927(c)(3)-(6).  Medical opinions that are inadequately explained or lack supporting clinical or laboratory findings are entitled to less weight.  See Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (holding that ALJ properly rejected physician's determination where it was "conclusory and unsubstantiated by relevant medical documentation"); Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) (ALJ permissibly rejected

"check-off reports that did not contain any explanation of the bases of their conclusions").

The ALJ is responsible for resolving conflicts in the medical evidence. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). In doing so, the ALJ is always permitted to employ "ordinary techniques" for evaluating credibility, including inconsistencies in a witness's testimony. Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002). Thus, internal inconsistencies are a valid reason to accord less weight to a medical opinion. See Connett v. Barnhart, 340 F.3d 871, 875 (9th Cir. 2003) (upholding inconsistency between a treating physician's opinions and his own treatment notes as a reason to discount his opinions); Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001) (upholding ALJ's rejection of a medical opinion that was internally inconsistent); Gabor v. Barnhart, 221 F. App'x 548, 550 (9th Cir. 2007) ("The ALJ noted internal inconsistencies in Dr. Moran's report, which provide a further basis for excluding that medical opinion."); Gonzales v. Colvin, 2015 U.S. Dist. LEXIS 148471, at *12 (C.D. Cal. Oct. 30, 2015) (upholding ALJ's rejection of medical opinion assessing inconsistent social functioning and GAF scores); Khan v. Colvin, 2014 U.S. Dist. LEXIS 86558, at *22 (C.D. Cal. June 24, 2014) ("The ALJ's first reason for rejecting Dr. Multani's opinion – to wit, that his opinion was internally inconsistent – is specific and legitimate.").

### 2. Summary of Dr. Chiang's opinions.

Plaintiff attended a consultative examination on May 2, 2012. AR 479-481. Dr. Dean Chiang gathered information from Plaintiff including the history of her impairments, her activities of daily living, her medications, and her medical and family history. AR 479. He also reviewed Plaintiff's treatment records from the Veteran's Administration and conducted a physical examination. Id.

Plaintiff explained that her knee pain began in 2010 after she fell off a

ladder. Id. She had x-rays at the time, but no MRI and no physical therapy. Id. She received injections to her right knee about six weeks prior to Dr. Chiang's examination, but she reported that "her symptoms are starting to come back" and "the pain makes her wake up at night." Id. Nevertheless, she remained "capable of driving and performs activities of daily living by herself." Id. She reported taking several medications, but none for pain management. Id.

Concerning Plaintiff's carpal tunnel syndrome, Dr. Chiang assessed a positive Tinel's test[1] on the right and negative on the left and a negative Phalen's test.[2] AR 479-80. Concerning Plaintiff's knee pain, he observed that Plaintiff "ambulated at ease and was fully weightbearing. She sat comfortably and answered questions appropriately. She was able to get up from a sitting position without any noticeable expression of pain." AR 479.

His examination revealed a normal appearance for Plaintiff's knees and normal findings for Plaintiff's coordination/station/gait; atonement; cardiovascular functioning; neck/nodes; ears/nose/throat; eyes; and pulses. AR 480. He observed that Plaintiff's range of motion for her hip, lumbar, knee, ankle, shoulder, elbow, wrist, and finger/thumb varied bilaterally. AR 480. Dr. Chiang assessed no joint deformities and strength of five out of five

---

[1] A Tinel's test is a way to detect irritated nerves. It is performed by lightly tapping over the nerve to elicit a sensation of tingling or "pins and needles" in the distribution of the nerve. See https://en.wikipedia.org/wiki/Tinel%27s_sign.

[2] For this test, the patient holds their wrist in complete and forced flexion (pushing the dorsal surfaces of both hands together) for 30–60 seconds. By compressing the median nerve, characteristic symptoms (such as burning, tingling or numb sensation over the fingers) conveys a positive test result. See https://en.wikipedia.org/wiki/ Phalen_maneuver.

for both Plaintiff's upper and lower extremities. AR 481. A Romberg test[3] was normal. AR 480. A straight leg raising test[4] was negative to 90 degrees. AR 481.

Based on all of this, Dr. Chiang opined that Plaintiff had the following functional limitations:

> The claimant will be expected to stand and walk for up to four hours during an eight-hour day. This limitation is due to her knee pain. The claimant can sit without limitations. The claimant does not need [an] assistive device. The claimant can lift and carry without limitations. The claimant is capable of climbing never, balancing never, stooping occasionally, kneeling occasionally, crouching occasionally, and crawling occasionally. The claimant is capable of reaching occasionally, handling occasionally, fingering occasionally, and feeling occasionally. The claimant has no limitations with working at heights. The claimant has no limitations with working around heavy machinery. The claimant has no limitations with working around extremes of temperature. The claimant has no limitations with working around chemicals. The claimant has no limitations with working around dust, fumes and gasses. The claimant has no limitations with working around

---

[3] This tests neurological function. The standing patient is asked to close his or her eyes. A loss of balance is interpreted as a positive Romberg's test. See https://en.wikipedia.org/wiki/Romberg%27s_test.

[4] To perform a supine straight-leg raising test, the patient lies down on his/her back and the examiner lifts the patient's leg while the knee is straight. If the patient experiences pain when the straight leg is at an angle of between 30 and 70 degrees, then the test is positive and a herniated disc is likely to be the cause of the pain. See https://en.wikipedia.org/wiki/Straight_leg_raise.

excessive noise." AR 481.

### 3. The ALJ's treatment of Dr. Chiang's opinions.

The ALJ discussed Dr. Chiang's opinion concerning Plaintiff's functional limitations. AR 17-18. He then explained, "Dr. Chiang's opinion is unpersuasive because it is based upon only one examination and appears to rely primarily on the claimant's subjective complaints of knee pain. Thus, Dr. Chiang's opinion is given little weight." AR 18.

The ALJ ultimately assessed Plaintiff as having an RFC with fewer exertional limitations than those opined by Dr. Chiang. For example, the ALJ found that Plaintiff could walk or stand for up to six hours in an eight-hour workday (as compared to Dr. Chiang's opinion that she could only walk or stand for four hours due to knee pain). Cf. AR 15 and 481.

In formulating Plaintiff's RFC, the ALJ gave "considerable weight" to the opinions of reviewing physicians L. DeSouza and T. Nguyen. AR 18. Both found that Plaintiff could walk or stand for six hours in an eight-hour workday. AR 86, 100 [Dr. Nguyen], AR 118 [Dr. DeSouza]. The ALJ explained that these two medical opinions were more persuasive, because they were "consistent with the medical records as a whole." AR 18.

The ALJ summarized those medical records earlier in his decision. AR 15-18. The ALJ concluded that Plaintiff's medical records "revealed generally benign findings." AR 16. As examples of physical examinations resulting in benign findings, the ALJ cited (at AR 16-18) all of the following:

(1) A 2009 treatment progress note discussing a physical examination and noting "intact ROM [range of motion]." AR 390.

(2) A March 19, 2012 treatment record showing that while Plaintiff reported "both knees hurt," the doctor found, "R knee: no effusion, full ROM, stable joint." AR 460.

(3) A March 22, 2012 treatment record showing that while Plaintiff was seeking treatment "primarily for her right knee," the doctor observed, "she has full extension and flexion to about 115-120 degrees. No gross instability. No significant effusion." AR 508.

(4) Dr. Chiang's observations that Plaintiff walked with ease, sat comfortably during the examination and had "normal looking knees" with no joint laxity. AR 479-80.

(5) An October 2012 physical exam finding as to both knees that they had a "normal range of motion" and were "non-tender." AR 603.

(6) A May 2013 treatment record reporting that a doctor reviewed "imaging results" with Plaintiff concerning her diagnosis of arthritis of the right knee and "discussed possible knee injections" and "other options for treatment" including "weight management and regular exercise." AR 620.

(7) A June 2013 x-ray showing only "mild" cervical degenerative disc disease. AR 630.

(8) A March 2014 treatment record noting Plaintiff's "normal gait." AR 644.

(8) Records showing routine, conservative treatment, such as recommendations to do home exercises and avoid "heavy exertion." AR 649.

**4. Analysis.**

Plaintiff argues that the only two reasons the ALJ offered for discounting Dr. Chiang's opinion were (1) it was based solely on one examination, and (2) it relied primarily on Plaintiff's subjective complaints. JS 7.

This is not a fair reading of the ALJ's decision. By saying that (1) he gave other doctors' opinions greater weight because those opinions were "consistent with the medical records as a whole" (AR 18) and (2) contrasting Dr. Chiang's normal clinical findings concerning Plaintiff's knees with his restrictive opinion expressly attributed to her knee pain (AR 17-18), the ALJ

sufficiently indicated that he discounted Dr. Chiang's opinions, at least in part, due to their inconsistency with the overall medical evidence and Dr. Chiang's own clinical findings. Indeed, the apparent reason the ALJ concluded that the standing/walking limitations Dr. Chiang ascribed to Plaintiff's knee pain were based primarily on Plaintiff's subjective complaints is because they are not supported by his findings.

Inconsistency with the medical records as a whole or a doctor's own clinical findings is a specific and legitimate reason to discount an examining physician's opinions. 20 C.F.R. § 404.1527(c)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion."); Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) ("The ALJ need not accept the opinion of any physician … inadequately supported by clinical findings.")

The ALJ's finding of inconsistency is supported by substantial evidence in the record. As summarized above, the record is replete with medical tests and treatment notes that found Plaintiff's use of her knees to be "normal" despite the diagnosis of arthritis. Thus, the ALJ did not err in giving little weight to the more restrictive opinions of Dr. Chiang.

**B.     ISSUE TWO:  The ALJ gave a germane reason for giving Dr. Trelles's opinions little weight.**

**1.     Applicable law.**

Only licensed physicians and certain other qualified specialists are considered "[a]cceptable medical sources." 20 C.F.R. § 404.1513(a). A chiropractor is considered an "other" source. 20 C.F.R. § 404.1513(a), (d)(1). An ALJ may discount testimony from "other" sources if the ALJ provides a "germane" reason for doing so. Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012).

2.     **Summary of Dr. Trelles's opinions.**

In March 2012, Dr. Trelles provided a report with her opinions. AR 306-10. She began her report by listing 18 complaints reported by Plaintiff in 2009 when Plaintiff first sought chiropractic treatment. AR 306-07. She observed that Plaintiff had "general swelling" and "swelling of joints" such that "all movement caused pain." AR 307. She examined Plaintiff's back and shoulders, but the report does not specifically discuss an examination of Plaintiff's knees. AR 308-09. Plaintiff stopped seeing Dr. Trelles in 2010. AR 309.

From this, Dr. Trelles opined that Plaintiff suffers from "chronic generalized edema due to one kidney's diminished capacity." AR 310. "This causes her to have permanent ongoing stiffness and swelling of the affected areas with some period of remission between flare ups." Id. Dr. Trelles opined that Plaintiff "is unable to stand or sit for too long. Walking and standing is difficult and painful." Id. As a result, Dr. Trelles found that Plaintiff was "permanently disabled" and required "chiropractic adjustments … to help control the swellings and consequent pains and incapacitation." Id.

3.     **The ALJ's treatment of Dr. Trelles's opinions.**

The ALJ discounted Dr. Trelles's opinions, as follows:

> Chiropractor Guadalupe Trelles, D.C., opined that the claimant is permanently disabled …. Ms. Trelles's opinion is unpersuasive because it appears to rely quite heavily on the claimant's subjective complaints. Moreover, Ms. Trelles is not a physician and thus not an acceptable medical source pursuant to 06-03. Thus, this opinion is given little weight.

AR 19.

4.     **Analysis.**

First, pointing out that Dr. Trelles is "not a physician" is a germane

10

reason to discount her opinion concerning the incapacitating effects of Plaintiff's symptoms, because her opinion relies on the allegedly "diminished capacity" one of Plaintiff's kidneys. Medical opinions about functional limitations likely to be caused or exacerbated by kidney malfunction must come from a medical source, not a chiropractor. See 20 C.F.R. § 404.1513(d)(1); SSR 06-03p, 2006 SSR LEXIS 5 ("The fact that a medical opinion is from an 'acceptable medical source' is a factor that may justify giving that opinion greater weight than an opinion from a medical source who is not an 'acceptable medical source' because … 'acceptable medical sources' are the 'most qualified health care professionals.'").

Second, an ALJ may reject even a treating physician's opinion if it is based to a large extent on a claimant's self-reports that have been properly discounted as incredible. Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008). Here, by saying that Dr. Trelles's opinion "appears to rely quite heavily on the claimant's subjective complaints," the ALJ essentially said that it does not appear to rely on medical evidence. Lack of support from medical evidence is a germane reason to reject the opinion of an "other" source. Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005).

The ALJ's finding that Dr. Trelles's opinion lacked supporting medical evidence is supported by substantial evidence in the record. As summarized by the ALJ and above, many of Plaintiff's medical records showed that she did not have difficulty walking and that her knees appeared normal, not swollen. Dr. Chiang opined that Plaintiff can sit "without limitation" (AR 481), whereas Dr. Trelles opined that Plaintiff is unable to sit for "too long." (AR 310.) See Paulson v. Astrue, 368 F. App'x 758, 760 (9th Cir. 2010) ("ALJ did not commit reversible error in failing to consider the opinion of [claimant's] chiropractor" where that opinion "contradicts acceptable medical sources, which are generally given greater weight.").

## IV.
## CONCLUSION

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits.

Dated: November 09, 2016

_____
KAREN E. SCOTT
United States Magistrate Judge